WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, U.S. Bank Trustee National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. BANK TRUSTEE NATIONAL ASSOCIATION, AS TRUSTEE, FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-7,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; COMMONWEALTH LAND TITLE COMPANY; EQUITY TITLE, LLC dba EQUITY TITLE OF NEVADA; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.:  2:20-cv-02084-JCM-EJY<br><br>~~PROPOSED~~ **JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff U.S. Bank National Association, as Trustee FOR Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7 ("U.S. Bank"), Specially Appearing Defendant Fidelity National Title Group, Inc. and Defendant Commonwealth Land Title Insurance Company ("Defendants", collectively the "Parties"), hereby submit their proposed Joint Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a-b).

/ / /

/ / /

## I.  INFORMATION PURSUANT TO FRCP 26(f).

**1.** *Meeting.*  Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held on December 10, 2020, and was attended by Lindsay D. Robbins, Esq. of Wright, Finlay & Zak, LLP, Counsel for U.S. Bank, and Sophia S. Lau, Esq., of Early, Sullivan, Wright, Gizer & McRae, LLP, Counsel for Defendants.

## II.  INFORMATION PURSUANT TO LR 26-1(B).

**1.** *Discovery Plan.*  The Parties proposed to the Court the following discovery plan:

(a)  Subject of Discovery.  Discovery will be needed on the following subjects: All claims set forth in the Complaint, as well as the defenses relevant to the action.

(b)  Discovery Cut-Off Dates.  Discovery will take **270 days**, measured from November 12, 2020, the date Commonwealth Land Title Insurance Company filed its Petition for Removal [ECF No. 1].  The discovery cut-off date, therefore, will be **August 9, 2021.**

(c)  Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).  Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2):

(1)  The disclosure of experts and expert reports shall occur on **June 10, 2021**, which is sixty (60) days before the discovery cut-off date;

and

(2)  The disclosure of rebuttal experts and their reports shall occur on **July 12, 2021**, which is thirty (30) days before the discovery cut-off date.

**2.** *Other items.*

(a)  Initial Disclosures.  The Parties will exchange initial disclosures by **January 25, 2021**. The Parties will continue to supplement their disclosures in accordance with the Federal Rules of Civil Procedure.

(b)  Amending the Pleadings and Adding Parties.  The Parties have until **May 11, 2021**, to file any motion to amend the pleadings or to add parties, which is ninety (90) days before the discovery cut-off date pursuant to LR 26-1(b)(2).

(c) <u>Dispositive Motions.</u>  The Parties shall have until **September 8, 2021**, to file dispositive motions.  This is thirty (30) days after the discovery cut-off date pursuant to LR 26-1(b)(4).

(d) <u>Settlement.</u>  All Parties will continue to discuss possible resolution to this matter.

(e) <u>Pretrial Order.</u>  The pretrial order shall be filed by **October 8, 2021**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case.  This deadline is suspended if the dispositive motions are timely filed.  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be made in the joint pretrial order.

(f) <u>Court Conference.</u>  The Parties are not requesting a conference with the Court before entry of the scheduling order.

(g) <u>Later Appearing Parties.</u>  A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

(h) <u>Extension or Modification of the Discovery Plan and Scheduling Order.</u>  LR 26-4 governs modifications or extensions of this discovery plan and scheduling order.  Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline, and must fully comply with LR 26-4.

(i) <u>Estimate of Time Required for Trial</u>. The Parties estimate that a trial will take 10-15 days.

(j) <u>Alternative Dispute Resolution:</u> The Parties hereby certify pursuant to LR 26-1(b)(7) they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (collectively, ADR). The Parties determined ADR is not a viable option at this time.

(k) <u>Alternative Forms of Case Disposition:</u> The Parties hereby certify pursuant to LR 26-1(b)(8) they considered consent to trial by a magistrate judge and/or use of the short trial program. The Parties do not consent to either at this time.

  (l) <u>Electronic Evidence</u>: The Parties have discussed the production of electronic data and will stipulate to a protocol for handling electronically stored data if necessary.

  (m) <u>Time to Notice Depositions Pursuant to Fed. R. Civ. P. 30(b)(6)</u>: The Parties agree to provide at least fourteen (14) days notice prior to taking a deposition pursuant to Fed. R. Civ. P. 30(b)(6), unless otherwise agreed.

  (n) <u>Issues about claims of privilege or protection of trial preparation materials</u>:

   (i) Any or all Parties, may require a protective order in order to protect the disclosure of certain confidential business information. In the event such a protective order becomes necessary the Parties will submit a stipulated protective order to the parties for agreement, or if necessary, may file a motion for protective order.

   (ii) Claw-back of Inadvertent Disclosure of Privileged Materials: The Parties agree that the procedures set forth in Fed. R. Civ. P. 26(b)(5) shall apply.

### III. STATEMENT WHY DIFFERENT DEADLINES SHOULD APPLY

The Parties are awaiting this Court's ruling on U.S. Bank's Motion for Remand [ECF No. 4], which may eliminate the need for some discovery. Additionally, the experience of the Parties in litigating this type of case is that the standard 180-day deadline is too tight to conduct discovery on all issues, particularly in light of the COVID-19 pandemic and where counsel has experienced prior difficulty obtaining documents in response to subpoenas to non-parties which may require the filing of motions to compel. Moreover, the Parties anticipate that the issues in this action will be expert-intensive, with multiple depositions and subpoenas issued to non-parties. While the Parties intend to participate in discovery in good faith and will attempt to resolve any discovery disputes without intervention of the Court, it has been the Parties' experience that guidance may be needed on disputes that arise with third-parties from whom documents will be subpoenaed. An extra ninety (90) days will give the parties additional time to adequately conduct all discovery and resolve all pertinent disputes in a way that is most convenient and economical for the Court, particularly in light of the COVID-19 pandemic.

Due to the number of non-party witnesses and experts involved in this case, the Parties request the Court find that all deadlines herein should apply to allow for suitable time for discovery.

| DATED this 23rd day of December, 2020. | DATED this 23rd day of December, 2020. |
|---|---|
| WRIGHT, FINLAY & ZAK, LLP | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
| */s/ Lindsay D. Robbins* <br> Lindsay D. Robbins, Esq. <br> Nevada Bar No. 13474 <br> 7785 W. Sahara Ave., Suite 200 <br> Las Vegas, NV 89117 <br> *Attorneys for Plaintiff, U.S. Bank Trustee National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7* | */s/ Sophia S. Lau* <br> Sophia S. Lau, Esq., <br> Nevada Bar No. 13365 <br> 8716 Spanish Ridge Avenue, Suite 105 <br> Las Vegas, Nevada 89148 <br> *Attorneys for Specially-Appearing Defendant Fidelity National Title Group, Inc. and Defendant Commonwealth Land Title Insurance Company* |

**IT IS SO ORDERED.**

Dated this 28th day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE