# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff(s),<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE GROUP, INC., et al.,<br><br>Defendant(s). | Case No. 2:20-CV-2084 JCM (EJY)<br><br>ORDER |

Presently before the court are plaintiff U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-7's motion to remand, (ECF No. 4), and motion for attorney's fees and costs, (ECF No. 5). Defendant Commonwealth Land Title Insurance Company ("Commonwealth Title") responded, (ECF No. 9), to which plaintiff replied, (ECF No. 11).

## I.    BACKGROUND

This is a breach of contract and insurance bad faith case arising from a denial of plaintiff's title insurance claim. (ECF No. 1). Plaintiff is the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (*Id.*). It alleges that "[a]s part of the loan origination, [defendants] Equity Nevada and Commonwealth Title entered into a contractual relationship with U.S. Bank Trustee's predecessor to insure the Deed of Trust in superior position to competing liens, including the HOA's lien." (ECF No. 4). The HOA eventually foreclosed on its lien in June 2011. (*Id.*).

Plaintiff filed the instant suit in Nevada state court on June 14, 2020. (ECF No. 1). Commonwealth Title removed to this court on the very same day before any defendant was

**James C. Mahan**
**U.S. District Judge**

served. (*Id.*). Plaintiff now moves to remand, arguing that Commonwealth Title's so-called "snap removal" is procedurally improper. (ECF No. 4).

## II. LEGAL STANDARD

A defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a). Yet federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) (emphasis added).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). To avoid remand, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Hunter*, 582 F.3d at 1042.

But even if the usual diversity jurisdiction requirements are met, a diversity case nonetheless cannot be removed if "*any* of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). This so-called forum defendant rule is a waivable procedural or non-jurisdictional rule yet is still one of the "more substantive removal defects." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006).

## III. DISCUSSION

As an initial matter, this court finds that Equity Nevada is a Nevada corporation. (ECF No. 1). Its principal place of business is in Clark County, Nevada—the Nevada Secretary of State's online business records show that the most recent managing member of Equity Title is Jim Hilburn, identified by the following address: 2475 Village View Dr., Suite 250, Henderson, Nevada 89074. (ECF Nos. 1, 4). As corporations are citizens of their states of incorporation and principal places of business, Equity Nevada is subject to the forum-defendant rule. *See, e.g.,*

*Bank of New York Mellon v. Anthony S. Noonan IRA, LLC*, No. 2:19-CV-34-JCM-EJY, 2019 WL 4017237, at *2 (D. Nev. Aug. 23, 2019).

Because Equity Nevada is a properly joined forum defendant, the court must now consider if Commonwealth Title's snap removal can circumvent the forum defendant rule.

Snap removal is the tactic of removing a diversity case before a forum defendant like Equity Nevada has been served. Commonwealth Title argues that the Second, Third, Fifth, and Sixth circuits allow the tactic. (ECF No. 9); *see Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 701 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018); *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020); and *McCall v. Scott*, 239 F.3d 808 (6th Cir. 2001). However, plaintiff persuasively distinguishes and confines Commonwealth Title's proffered cases. (ECF No. 11). Both parties agree that the Ninth Circuit has yet to squarely address the propriety of snap removal. (*Id.*).

This is not the court's first say on snap removal. The court adopts its prior reasoning from *Wells Fargo Bank* and *Carrington*. *See Wells Fargo Bank*, 2020 WL 5898779; *Carrington,* 2020 WL 3892786. In short, the word "any" in "any parties in interest properly joined and served" necessarily means "that the [removal] statute assumes *at least one party has been served*." *Carrington*, 2020 WL 3892786, at *3 (emphasis added) (citing *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 316 (D. Mass. 2013)). The court's reasoning has been accepted by other judges in this district. *See HSBC Bank USA, Nat'l Ass'n,* 2020 WL 7625233; *Wells Fargo Bank,* 2020 WL 7388621; *Deutsche Bank*, 2021 WL 1254352; *see also Carrillo v. Long*, No. 2:15-cv-01615-GMN-GWF, 2016 WL 1955145, at *2 n.2 (D. Nev. May 3, 2016) (quoting *Jennings–Frye v. NYK Logistics Americas Inc.*, No. 2:10-cv-09737, 2011 WL 642653, at * 3 (C.D. Cal. Feb. 11, 2011)).

And snap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant. *Accord Wells Fargo Bank*, 2020 WL 7388621, at *4; *Deutsche Bank*, 2021 WL 1254352, at *7 ("[A] literal reading of §1441(b)(2) that permits snap removal would be absurd . . . permitting snap removal runs counter to the expressly limited nature of diversity jurisdiction, courts' presumption against

removal, public policy considerations surrounding plaintiff's choice of forum, and Congress' rejection of gamesmanship when originally enacting § 1441(b)(2).").

This court now addresses plaintiff's request for fees and costs. (ECF No. 5). Absent a statute or enforceable contract, a court generally may not depart from the "American Rule" that each party pays its own attorney's fees and costs. *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). The decision to award attorney's fees is left to the sound discretion of the court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

One such statute is 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only [when] the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. at 136; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The court assesses the clarity of the relevant law to determine if there was an objectively reasonable basis for seeking removal. *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008).

Plaintiff avers that Commonwealth Title has engaged in the jurisdictional gamesmanship at issue here in "every single HOA related title insurance case filed in the last two months." (ECF No. 5). It has done so despite a growing consensus among this district's judges that snap removal contravenes the language and purpose of the removal statute. *See supra* n.1. Nonetheless, because the Ninth Circuit has yet to rule on snap removal and there is persuasive authority supporting the tactic, Commonwealth Title had an objectively reasonable basis for seeking removal. Thus, plaintiff's motion for attorney's fees and costs is denied. (ECF No. 5).

In light of the foregoing, all remaining motions before this court are denied as moot. (ECF No. 19, 20, 27).

**IV.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Deutsche Bank Trustee's motion to remand (ECF No. 4) be, and the same hereby is, GRANTED and its motion for attorney's fees and costs (ECF No. 5) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

- 4 -

IT IS FURTHER ORDERED that the defendants' pending motions to dismiss (ECF Nos. 19, 20, 27) be, and the same hereby are, DENIED as moot.

IT IS FURTHER ORDERED that the clerk shall **REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada,** Case No. A-20-826046, and CLOSE this case.

DATED April 28, 2021.

                                             _____
                                             UNITED STATES DISTRICT JUDGE